## Case No. 15,499.

UNITED STATES v. JOURDINE et al.

[4 Cranch, C. C. 338.] 1

Circuit Court, District of Columbia. Sept. Term. 1833.

DISORDERLY HOUSE — EVIDENCE OF GENERAL REPUTATION.

Upon an indictment for keeping a disorderly house and for keeping a bawdy house, the United States cannot give evidence of the general reputation of the house, nor of the general reputation of the defendants.

[Followed in U. S. v. Nailor, Case No. 15,-853.]

[Cited in Handy v. State, 63 Miss. 207; Henson v. State, 62 Md. 235.]

The indictment [against Harriet and Henriette Jourdine] had two counts: (1) For keeping a disorderly house. (2) For keeping a bawdy house.

THE COURT (MORSELL, Circuit Judge, contra) decided that the general reputation of the house could not be given in evidence by the attorney of the United States; THRUSTON, Circuit Judge, having changed his opinion since the case of U. S. v. Gray [Case No. 15,251], at May term, 1826.

Mr. Key, for the United States, then offer-

1 [Reported by Hon. William Cranch, Chief Judge.]

ed evidence of the general character of the defendants, who resided in the house, and were the keepers thereof.

Brent & Brice, for the defendants, objected, that as a bawdy house is defined to be a house of ill fame, kept for the resort and commerce of lewd people of both sexes, the character of the keepers is not material. 1 Jac. Dict. tit. "Bawdy House."

THE COURT (MORSELL, Circuit Judge, contra) rejected the evidence.

The defendants were found guilty upon the first count only, and were fined $20, and required to give security in $200 for their good behavior for twelve months, and to stand committed until, etc.